# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BIOMET, INC., <br>    Plaintiff, <br>  v. <br> BONUTTI SKELETAL INNOVATIONS, LLC, <br>    Defendant. <br><br> BONUTTI SKELETAL INNOVATIONS LLC, <br>    Counterclaim Plaintiff, <br>  v. <br> BIOMET, INC. <br> BIOMET SPORTS MEDICINE, LLC, AND <br> BIOMET MANUFACTURING CORPORATION, <br>    Counterclaim Defendants. | Case No. 3:13-CV-176 JVB |

## OPINION AND ORDER

Defendant Bonutti Skeletal moved under Rule 41(a)(2) to dismiss with prejudice its counterclaim alleging that Plaintiff infringed U.S. Patent No. 7,806,897. Biomet opposed the motion on the ground that attorney's fees should be a condition of dismissal and later moved for attorney's fees for this claim. For the reasons stated below, the Court grants Bonutti Skeletal's Rule 41(a)(2) motion to dismiss with prejudice its count of patent infringement of U.S. Patent No. 7,806,897 and denies Biomet's motion for attorneys' fees as premature. Biomet may move for attorneys' fees under this count at the end of the case if it is determined to be the prevailing party.

While attorney's fees may be awarded as a condition of a Rule 41(a)(2) dismissal without prejudice, they may not be awarded as a condition of voluntary dismissal with prejudice. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). Attorney's fees may be awarded in a voluntary dismissal without prejudice to compensate the defendant for unnecessary expense incurred

because of the litigation. *Id.* The same justification does not apply for a dismissal with prejudice because the defendant cannot be made to defend against the charge again. *Id.* Voluntary dismissal with prejudice has the same effect as if the defendant had won at trial. The Court will not condition Bonutti Skeletal's voluntary dismissal with prejudice upon payment of attorney's fees.

Additionally, Biomet's motion for attorney's fees as the prevailing party is premature. There can only be one prevailing party per case, even if there are multiple different patents at issue. *SSL Services, LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) ("In a patent case, Federal Circuit law governs the determination of which party has prevailed."); *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("[T]he plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular. . . . Rule 54(d) has no special rule or exception for mixed judgment cases . . . . For the purposes of costs and fees, there can be only one winner."). If, at the end of this case Biomet is the prevailing party, it will have its chance to recover all reasonable attorney's fees as allowed by statute. The Court grants Defendant's motion to dismiss (DE 108) and denies Plaintiff's motion for attorney's fees (DE 112).

SO ORDERED on July 30, 2015.

  s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE